# Newhouse's Estate.

*Decedents' estates—Claims against—Promissory note—Payment—Findings of fact.*

A finding of fact by the orphans' court that a note of the decedent presented at the audit ten years after the date of the note, had not been paid, will not be reversed where such finding is based on competent evidence, and there is no manifest error.

Argued April 22, 1909. Appeal, No. 149, April T., 1909, by John S. Deibler, from decree of O. C. Westmoreland Co., May T., 1908, No. 19, dismissing exceptions to adjudication in Estate of Josiah Newhouse. Before Rice, P. J., Porter, Henderson, Morrison, Orlady and Head, JJ. Affirmed.

Exceptions to adjudication. Before Steel, P. J.
The opinion of the Superior Court states the case.

*Errors assigned* were in answering exceptions to adjudication.

*Z. T. Silvis,* for appellant.

*D. C. Ogden,* with him *Wm. T. Dom* and *Clarence L. Hugus,* for appellee.

Opinion by Morrison, J., July 14, 1909:

The sole complaint in this case is that the learned judge of the orphans' court erred in allowing payment, out of the decedent's estate, of. a $300 judgment note and interest thereon, dated November 2, 1896, payable one year after date to John D. Cassidy. The note was under seal, and this imports a consideration. The evidence warranted the learned judge in finding, as a matter of fact, that the note was given in a settlement between Newhouse and Cassidy. After the note was signed by Newhouse, it was handed to Mr. Bair by Cassidy, the payee, for safekeeping. It was placed in an envelope and remained in the possession of Bair & Lane for about ten years, until after the death

of Newhouse, when it was taken by Cassidy and presented for payment at the audit of the Newhouse estate.

We find nothing in the case to warrant a serious contention that the note was not a valid and legal obligation against Newhouse. The appellant, however, earnestly contends that on March 7, 1900, Josiah Newhouse and wife conveyed to John D. Cassidy a farm consisting of 106 acres and 134 perches for the sum of $2,500; that in the deed it was stated, "that the said John D. Cassidy hereby agrees to pay and discharge all liens and incumbrances against the above described premises and this deed is made subject to the payment of the same." At the same date Cassidy executed a purchase money mortgage to Newhouse for $1,000. It appears in evidence that there were judgments amounting in the aggregate to about $1,500 against the Newhouse farm at the date of the conveyance. The amount of these judgments and the $1,000 mortgage about equaled the purchase money of the farm. The $300 note to Cassidy was not entered as a judgment and it was not a lien or incumbrance at the date of the conveyance, March 7, 1900. On account of the lapse of time and of the transaction above referred to, counsel for appellant earnestly contends that the learned court erred in not inferring that the said $300 note had been paid or else that it was not a bona fide debt and was not intended to be paid.

The learned court had the advantage of hearing the witnesses testify and of an examination of all of the papers offered in evidence. At the close of the hearing and of the argument and after consideration of the exceptions, the learned judge must have been very familiar with the whole case. It is apparent that he was not convinced that he ought to infer that the $300 note was not a valid obligation nor was he convinced that he ought to infer from what was before him that said note had been paid.

Upon a careful review of the evidence and due consideration of the exceptions and the arguments of counsel, we are all of the opinion that this case does not disclose such error as calls for a reversal of the decree of the court below. After all, the questions before the court were of fact to be found from oral testimony and inferences to be drawn from such testimony

and the writings and other circumstances in evidence, and the learned court below was in a much better position to weigh the evidence and draw the inferences than we can be placed by the printed records placed before us. It would seem that if the note in question had been paid when the farm was conveyed, Newhouse would have made some effort or arrangement to get his note which was in the hands of Bair as a custodian, at least it would seem likely that Newhouse would have notified Bair that the note was paid. We are not convinced of reversible error on the part of the court below.

The decree is affirmed and the appeal dismissed at the costs of the appellant.